## Case No. 2,923.

### COBB v. HAYDOCK et al.

[Brunner, Col. Cas. 91;[1] 4 Day, 472.]

Circuit Court, D. Connecticut. 1810.

SET-OFF—JOINT DEBT AGAINST INDIVIDUAL DEBT.

Where a judgment has been obtained against one of two joint makers of a promissory note, by an indorsee thereof, the former cannot, either at law or in equity, set off a note given by the payee to him individually.

This was a bill in equity praying for a set-off. The case, as it appeared from the bill and answer, was as follows: "The respondents [Henry Haydock & Son] recovered judgment before this court, at this term, against the complainant [Judethan Cobb] in a suit in the name of Stephen Howard, brought on a promissory note for $1,016.68, executed by the complainant and Ashbel Stanley, dated the 24th of February, 1796, payable to Howard on the 1st of October following, with interest after six months. On the 22d of December, 1795, the respondents sold goods to Howard to the amount of £371 9s. 10d. New York currency, on credit; and on the 26th of

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

April following they received from him said note in payment, it being agreed that the surplus should be paid in goods at that time, which were accordingly delivered. Stanley was present at this transaction. One of the respondents asked him if the note was good, and would be paid, to which he answered in the affirmative, observing that he was as willing to pay it to them as to any one. Soon after the assignment of the note the respondents directed their clerk to give notice to the complainant, which they believe was done without delay. The complainant, however, denied having received notice of the assignment until October, 1796. On the 24th of March, 1796, Howard being justly indebted to the complainant in the sum of £100 lawful money of Connecticut, to secure the payment thereof gave his promissory note for that amount, payable to the complainant on demand, with interest after fourteen months. On the 1st of April. 1796, Howard became insolvent, and absconded, having never paid any part of this note. Stanley is a certificated bankrupt, and the complainant has no remedy at law that will be available. The respondents, at the time they received the note first mentioned, had no knowledge of Howard's indebtedness to the complainant, or that he had ever given him a note as above stated. They avowed their intention to sue out execution on the judgment against the complainant. The bill therefore prayed the court, as a court of chancery, to decree the said sum of £100, and interest may be set off and applied in part satisfaction of said judgment, and to grant an injunction for a stay of proceedings.

J. T. Peters, for complainant, contended that the court ought to decree a set-off in this case, on the principle that an assignee takes a note subject to the same equity to which it was subject in the hands of the assignor. Haydock & Son had no more right here than Howard would have had if he had retained the note. In that case there could not have been a question as to the complainant's right of set-off. The case of Mitchell v. Oldfield, 4 Term R. 123, was cited.

Mr. Daggett, for respondents, said that a note executed in Connecticut, and negotiated in New York, might, in the state of New York, be sued in the name of the assignee. Lodge v. Phelps, 1 Johns. Cas. 139. Stanley told Haydock & Son at the time of the assignment that the note was due, and he was willing to pay it. The declarations of Stanley are to be imputed to Cobb. The acknowledgment of one co-partner saves a debt out of the statute of limitations. Whitcomb v. Whiting, Doug. 652. Set-offs are made only in case of mutual debts between the same parties. This is true in chancery as well as in law. Ex parte Ockenden, 1 Atk. 237. If I have a note against B. and afterwards execute a note payable to him or order, that he may sell it and raise money,

and yet neglect to deduct my own note against him, it is more equitable for me to pay the note thus sold, than for the assignee to lose it.

LIVINGSTON, Circuit Justice. In deciding this cause we shall have no reference to the case of Lodge v. Phelps [supra]. Who has the greatest equity to this money, Cobb or Haydock & Son? The note in question is a joint note against Cobb and Stanley. Before receiving an assignment Haydock & Son consult Stanley, and are assured that the note will be paid. Haydock & Son then sell their goods on the specific security of this note. Cobb stands in a different situation. He trusted to the personal security of Howard. The equity of the case is most clearly in favor of Haydock & Son. But if this case were to be decided at common law the result would be the same. Here is a joint note against Cobb and Stanley. Howard's note to Cobb alone could not have been set off at law against the note of Cobb and Stanley to him, if no assignment had been made. The note of Howard is not reduced to judgment. and therefore the case of Mitchell v. Oldfield [supra] does not apply. Bill dismissed with costs.